TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:     213.430.3409

Attorneys for Plaintiff TACORI ENTERPRISES,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES,<br><br>     Plaintiff,<br><br>  v.<br><br>BOBBY WILKERSON, INC. DBA WILKERSON,<br><br>     Defendant. | Case No.  2:17-cv-4340<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; DEMAND FOR TRIAL BY JURY** |

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Tucker Ellis, LLP, files its complaint against Bobby Wilkerson, Inc. dba Wilkerson ("Defendant") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplement jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28

TUCKER ELLIS LLP

♦ Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing product which is the subject of this litigation have been distributed in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## Parties and Personal Jurisdiction

4.      Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5.      Tacori is informed and believes, and on that basis alleges, that Defendant Bobby Wilkerson, Inc. dba Wilkerson has its principal place of business at 222 South Main Street, Stuttgart, AR 72160.  This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Central District of California.  Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.  Further, this Court has personal jurisdiction over Defendant because Defendant has threatened and is causing actual harm to Tacori, Defendant's actions are aimed at Tacori, and the brunt of the harm Defendant knew would be suffered by Tacori within this Judicial District.

## The Business of Plaintiff Tacori Enterprises

6.      For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry.  Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

7.      Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry").  Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

8. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in many of the Tacori Crescent Jewelry. Many pieces of the Tacori Crescent Jewelry are original works copyrightable under the Copyright Act, and have been copyrighted in full compliance with the Copyright Act.

9. Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

10. Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

11. Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

12. In order to advertise and market its jewelry, Tacori has created photographs of the Tacori Crescent Jewelry. These photographs are original works copyrightable under the Copyright Act, and have been copyrighted in full compliance with the Copyright Act.

13. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the photograph entitled "Simply Tacori Ring Layout." A copy of "Simply Tacori Ring Layout" is attached to this Complaint as Exhibit 1.

14. Tacori has received a Certificate of Registration from the Register of Copyrights for "Simply Tacori Ring Layout" (Certificate No. VA 2-010-322), a copy of which is attached to this Complaint as Exhibit 2.

15. Tacori owns United States Trademark Registration No. 3,071,071 for its word mark TACORI which it uses in connection with all jewelry items. Tacori first used the TACORI mark in 1989. The TACORI mark is now incontestable pursuant to 15 U.S.C. § 1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit 3.

16.    The TACORI mark is widely known and recognized among jewelers and consumers throughout the United States.

17.    The TACORI mark is unique and distinctive and, as such, designates a single source of origin.

18.    As a result of Tacori's extensive and exclusive use, the TACORI mark has developed extensive goodwill in the market and is extremely valuable to Tacori.  Tacori expends substantial effort and expense to protect the TACORI mark and its distinctiveness in the marketplace.

19.    Tacori has made and continues to make a substantial investment of time, effort and expense in the design, manufacturing and marketing of its Tacori Crescent Jewelry under the TACORI mark.

20.    Tacori advertises and has advertised its Tacori Crescent Jewelry and the TACORI mark in national publications, trade publications, over the World Wide Web through its website www.tacori.com and social media including Facebook, Twitter, Pinterest, YouTube, Google+ and Instagram.

21.    The TACORI mark has had outstanding commercial success.  As a result, jewelers and the public recognize the TACORI mark as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

22.    The Tacori Crescent Jewelry has been sold by Tacori to authorized retail stores throughout the United States.  These authorized retail stores display and offer for sale the Tacori Crescent Jewelry to the general public and are licensed to display and use the TACORI mark.

23.    As a prerequisite to becoming an authorized retail store of Tacori, Tacori requires that each retailer sell Tacori Crescent Jewelry only to the general public and prohibits the sale of Tacori Crescent Jewelry to distributors or retailers.

**The Business of Defendant**

24.    Tacori is informed and believes, and on that basis alleges, that Defendant is a national jewelry liquidator.  Defendant is a distributor of jewelry to the jewelry industry

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

4

and is in the business of marketing and selling jewelry through closing and relocation sales.

25.   Defendant sells or has sold jewelry under the trade name Wilkerson or Wilkerson Express.

26.   Tacori is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Tacori's jewelry business.

27.   Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same jewelers and retailers as Tacori.

28.   Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori.

29.   Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

30.   Defendant is not an authorized retailer of Tacori and is not authorized to act as an authorized retailer of Tacori or act in a way to suggest that Tacori has authorized, sponsored or approved Defendant selling Tacori Crescent Jewelry.

31.   Defendant is not licensed to use or display any copyright of Tacori in connection with the marketing, advertising and sale of jewelry.

32.   Defendant is not licensed to use or display the TACORI mark in connection with the marketing, advertising and sale of jewelry.

**Defendant's Wrongful Conduct**

33.   The largest jewelry trade show in the United States is the JCK (Jewelers Circular Keystone) Las Vegas Show, which took place in Las Vegas, Nevada at the Mandalay Bay Resort & Casino from June 5 to June 8, 2017.

34.   Tacori is informed and believes, and on that basis alleges, that over 9,000 retail stores and over 23,000 individual retailers attended the JCK Las Vegas Show to

purchase finished jewelry, timepieces and loose gemstones from over 2,300 exhibiting vendors from around the globe.

35.     Tacori was one of the jewelry exhibitors that attended the JCK  Las Vegas Show this year to sell jewelry.  Specifically, Tacori sold its Tacori Crescent Jewelry at the JCK Las Vegas Show.

36.     Tacori is informed and believes, and on that basis alleges, that Defendant was another jewelry exhibitor that attended the JCK Las Vegas Show this year to sell jewelry.

37.     Tacori is informed and believes, and on that basis alleges, that Defendant, through JCK, sent an email advertisement to each retailer that had registered to attend the JCK Las Vegas Show.  A copy of Defendant's email advertisement is attached to this Complaint as Exhibit 4.

38.     Defendant's email advertisement used Tacori's copyrighted photograph "Simply Tacori Ring Layout" and claimed "Vegas Show Specials" including "Tacori" jewelry at "50% Off Wholesale."

39.     Defendant's email advertisement also informed the registered retailer recipients that Defendant would be selling this jewelry at Booth #B26169 and displayed a map showing where Defendant's booth was located.

40.     Defendant was not authorized or licensed to use Tacori's copyrighted photograph "Simply Tacori Ring Layout."

41.     Defendant's email advertisement did not inform or notify the registered retailer recipients that Defendant was not an authorized retailer of Tacori jewelry.

42.      Defendant's email advertisement did not inform or notify the registered retailer recipients that the Tacori jewelry was being sold without a Tacori warranty.

43.     Tacori is informed and believes, and on that basis alleges, that many of the registered retailer recipients of Defendant's email advertisement are also members of the Continental Buying Group, Inc. ("CBG").

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

44.    Tacori is informed and believes, and on that basis alleges, that the CBG is a group of jewelry retailers who buy their inventory together and get discounts because of the massive amount of jewelry they buy from CBG suppliers.

45.    Tacori is informed and believes, and on that basis alleges, that Defendant is a CBG supplier.

46.    Tacori is informed and believes, and on that basis alleges, that the CBG had its show in Las Vegas, Nevada at Caesars Palace from June 2 to June 4, 2017, the weekend before the JCK Las Vegas Show began.

47.    Tacori is informed and believes, and on that basis alleges, that several registered retailer recipients of Defendant's email advertisement purchased jewelry from Defendant at the CBG show in Las Vegas.

### First Cause of Action

#### (Copyright Infringement)

48.    Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 47 of this Complaint as though fully set forth.

49.    Defendant's email advertisement used Tacori's copyrighted photograph for the "Simply Tacori Ring Layout" (Copyright Registration No. VA 2-101-322).




Simply Tacori Ring Layout              Defendant's Email Advertisement

50.    Defendant's acts constitute infringement of Tacori's copyright in the Tacori copyrighted photograph "Simply Tacori Ring Layout" in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

51.     Tacori is informed and believes, and on that basis alleges, that Defendant's use of the "Simply Tacori Ring Layout" copyright was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

52.     Defendant's copyright infringement has caused, and will continue to cause Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyright in the "Simply Tacori Ring Layout" and has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.  In addition, Tacori is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Tacori is entitled to recover statutory damages, on election by Tacori, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

53.     Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Tacori repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

54.     Tacori is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

55.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 54 of this Complaint as though fully set forth here.

56.     Defendant is not an authorized retailer of Tacori and is not licensed to use or display the TACORI mark in connection with the marketing, advertising and sale of jewelry.

8

57. Defendant's email advertisement used the TACORI mark in connection with the use of Tacori's copyrighted photograph "Simply Tacori Ring Layout."

58. Defendant's email advertisement did not inform or notify the registered retailer recipients that Defendant was not an authorized retailer of Tacori jewelry.

59. Defendant's email advertisement did not inform or notify the registered retailer recipients that the Tacori jewelry was being sold without a Tacori warranty.

60. Defendant's use in commerce of the TACORI mark on Defendant's email advertisement is likely to cause confusion, mistake, or to deceive.

61. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

62. Defendant has unfairly profited from the trademark infringement alleged.

63. By reason of Defendant's acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the TACORI mark.

64. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

65. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

66. By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

67. By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

68. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Third Cause of Action**

(Trademark Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

69.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 68 of this Complaint as though fully set forth.

70.     Defendant's use in commerce of the TACORI mark and Tacori's copyrighted photograph "Simply Tacori Ring Layout" in connection with Defendant's trade name on Defendant's email advertisement is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant is an authorized retailer of Tacori or that Defendant is affiliated with Tacori or that Defendant's acts are authorized, sponsored or approved by Tacori.

71.     Defendant's use in commerce of the TACORI mark and Tacori's copyrighted photograph "Simply Tacori Ring Layout" in connection with Defendant's trade name on Defendant's email advertisement is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant is authorized, sponsored or approved by Tacori to sell the Tacori Crescent Jewelry at discounted prices.

72.     Defendant's use in commerce of the TACORI mark and Tacori's copyrighted photograph "Simply Tacori Ring Layout" in connection with Defendant's trade name on Defendant's email advertisement is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant is selling Tacori Crescent Jewelry with a Tacori warranty.

73.     The above-described acts of Defendant constitute trademark infringement of and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

74.     Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

75.     Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

76.     By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the TACORI mark.

77.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the TACORI mark.

78.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

79.     By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

80.     Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

81.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Fourth Cause of Action

(Violation of California Unfair Competition Law)

82.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 81 of this Complaint as though fully set forth.

83.     Tacori is informed and believes that Defendant is in direct competition with Tacori.

84.     Defendant has infringed the TACORI mark and sold infringing products in violation of Tacori's proprietary rights.  Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq*., and under the common law of the State of California.

85.   Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

86.   Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

87.   Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

**Prayer for Relief**

**Therefore**, Tacori respectfully requests judgment as follows:

1.   That the Court enter a judgment against Defendant that Defendant has:

    (a)   infringed the TACORI mark in violation of 15 U.S.C. § 1125;

    (b)   infringed the TACORI mark in violation of 15 U.S.C. § 1114;

    (c)   infringed the rights of Tacori in Tacori's federally registered copyright under 17 U.S.C. § 501; and

    (d)   competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200.

2.   That each of the above acts was willful.

3.   That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

conspiracy with or affiliated with Defendant, from engaging in any activity constituting an infringement of the TACORI mark or Tacori's copyrighted photograph "Simply Tacori Ring Layout."

4.     That Tacori be awarded damages for Defendant's trademark infringement, and unfair competition.

5.     That Tacori be awarded Defendant's profits resulting from its infringement of Tacori's trademark.

6.     That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7.     That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.     That Tacori be awarded damages for Defendant's copyright infringement either:  (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Tacori's copyright; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.     That Tacori be awarded all profits and property acquired by means of Defendant's unfair competition with Tacori.

10.    That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

11.    That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the TACORI mark or  infringing copies of the copyrighted photograph "Simply Tacori Ring Layout."

12.     That the Court award Tacori its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

13.     That the Court award Tacori its costs of suit incurred herein.

14.     That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED:   June 12, 2017                    Tucker Ellis LLP


By:     /s/Howard A. Kroll
        Howard A Kroll
        Attorneys for Plaintiff
        TACORI ENTERPRISES

14

# DEMAND FOR TRIAL BY JURY

Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

DATED:   June 12, 2017                    Tucker Ellis LLP


By:    /s/Howard A. Kroll
       _____
       Howard A Kroll
       Attorneys for Plaintiff
       TACORI ENTERPRISES

1259824.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Aneeles ♦ San Francisco

# EXHIBIT 1

Exhibit 1
Page 16

# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-010-322

**Effective Date of Registration:**
July 13, 2016

---

## Title

| | |
|---|---|
| **Title of Work:** | Group registration of published photographs, Duvenjian Graphics, published March 6, 2008; 2 photos. |
| **Content Title:** | Simply Tacori Ring Layout, March 6, 2008 |
| | Dantela Rings and Earrings, March 6, 2008 |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2008 |
| **Date of 1st Publication:** | March 06, 2008 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Dikran Duvenjian |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Tacori Enterprises |
| | 1736 Gardena Avenue, Glendale, CA, 91204, United States |
| **Transfer statement:** | By Assignment |

## Certification

| | |
|---|---|
| **Name:** | Armand Andonian |
| **Date:** | July 13, 2016 |

Page 1 of 1

Exhibit 2
Page 17

# EXHIBIT 3

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

United States Patent and Trademark Office

Reg. No. 3,071,071
Registered Mar. 21, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# TACORI

TACORI ENTERPRISES (CALIFORNIA COR-
PORATION)
1736 GARDENA AVENUE
GLENDALE, CA 91204

FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28
AND 50).

FIRST USE 1-30-1989; IN COMMERCE 1-30-1989.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-600,488, FILED 4-1-2005.

CYNTHIA SLOAN, EXAMINING ATTORNEY

Exhibit 3
Page 18

# EXHIBIT 4

**From:** "JCK on behalf of Wilkerson" <jck@email-reedexpo.com>
**Subject:** Special Deals Just for the Show
**Date:** May 22, 2017 at 9:04:46 AM EDT
**Reply-To:** "JCK" <reply-fe5917797763057f7d12-19142532_HTML-384514242-10001338-0@email-reedexpo.com>

A Message From Our Partners







Exhibit 4
Page 19